1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 99CR3567-J |
| Plaintiff, | ) | |
| v. | ) | **ORDER RE: SUPPLEMENTAL** |
| | ) | **BRIEFING ON DEFENDANT'S** |
| GERARDO MARTINEZ-MARTINEZ, | ) | **MOTION TO DISMISS** |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant Gerardo Martinez-Martinez's ("Defendant") Motion to Dismiss Supervised Release Revocation Proceedings. [Doc. No. 98.]  Plaintiff United States of America ("the Government") has filed an Opposition.  [Doc. No. 99.]  For the reasons stated below, the Court **ORDERS** supplemental briefing on this Motion.

## *Background*

On October 4, 2003, Defendant began serving a two-year term of supervised release. (*See* Pet. for Warrant at 1.)  Defendant's term of supervised release was set to expire on October 4, 2005.  (*Id.* at 3.)  On September 20, 2004, United States Probation Officer Mark C. Riedling filed a Petition for Warrant alleging that Defendant had violated conditions of his supervised release.  (*Id.* at 2.)  The Petition for Warrant was unsworn.  (*See id.* at 3.)  The Petition for Warrant set forth the following allegations of noncompliance:

> 1. On July 16, 2004, Mr. Martinez committed terrorist threats, in violation of California Penal Code Section 422, as evidenced by the complaint filed in the Superior Court of California, Los Angeles County, Case Number 04CF2177.
>
> 2. On July 16, 2004, Mr. Martinez committed street terrorism, in violation of California Penal Code Section 186.22(a), as evidenced by the complaint filed in the Superior Court of California, Los Angeles County, Case Number 04CF2177.
>
> 3. On July 16, 2004, Mr. Martinez was unsuccessfully terminated from the Salvation Army Residential Treatment Program in the Central District of California.
>
> 4. On February 20, 2004, Mr. Martinez submitted a urine sample at Detection Treatment Resources in the Central District of California which tested positive for amphetamine and methamphetamine.

(*Id.* at 2.)

On March 29, 2005, Mr. Riedling filed an Amended Petition for Warrant. [Doc. No. 86.] Unlike the original Petition for Warrant, the Amended Petition was sworn. (*See* Am. Pet. for Warrant.) The text of the Amended Petition reads as follows:

> The undersigned submits this Amended Petition for the issuance of a no-bail warrant based on the belief that probable cause exists to believe that the above-named offender violated the terms and conditions of probation or supervised release previously imposed by this court and is based upon the attached documents submitted herewith and incorporated herein by this reference.
>
> I declare under penalty of perjury that the information contained in the Grounds for Revocation Section of the Violation Summary attached to the original Petition (as amended) is true and correct.

(*Id.*) Although the Amended Petition states that it is based "upon the attached documents submitted herewith and incorporated herein by this reference," this statement appears to have been made in error, because no documents were attached to the Amended Petition. Further, although the Amended Petition states that "the information contained in the Grounds for Revocation Section of the Violation Summary attached to the original Petition (as amended) is true and correct," the original Petition was not attached to the Amended Petition.

On March 29, 2005, this Court issued a warrant based upon the Amended Petition, and on March 14, 2007, Defendant was arrested. [Doc. No. 92.] On April 16, 2007, Defendant filed the instant Motion to Dismiss Supervised Release Revocation Proceedings. [Doc. No. 98.]

99CR3567-J

*Discussion*

Defendant raises three grounds for dismissing the supervised release revocation proceedings: (1) insufficient notice of the conditions of supervised release; (2) failure of the Amended Petition for Warrant to comply with the Warrant Clause of the Fourth Amendment; (3) failure of the supervised release regime to comply with *United States v. Booker*, 543 U.S. 220 (2005), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

**I. Defendant's Motion to Dismiss for Insufficient Notice**

Defendant alleges that the Court must dismiss the supervised release revocation proceedings because "[t]here is nothing in the record before this Court that [Defendant] received either written or actual notice of the conditions of his supervised release." (Mot. to Dismiss at 2.) In response, the Government states that the transcript of Defendant's sentencing in the underlying case has been ordered, and the transcript likely will bear on the issue of actual notice. (Opp'n to Mot. to Dismiss at 1.)

A district court's failure to provide a defendant with written notice of conditions of supervised release is not reversible error if the defendant received actual notice of those conditions. *See United States v. Ortega-Brito*, 311 F.3d 1136, 1138 (9th Cir. 2002). A defendant is deemed to have actual notice of the conditions of supervised release if he received oral notice of those conditions at his sentencing hearing. *See id.* at 1138-39; *United States v. Tapia-Marquez*, 361 F.3d 535, 536 (9th Cir. 2004).

Without the transcript of Defendant's sentencing hearing, the Court cannot determine whether Defendant received actual notice of the conditions of supervised release. The Court thus **ORDERS** the parties to provide supplemental briefing on the issue of whether the Court gave Defendant oral notice of the conditions of his supervised release at his sentencing hearing.

**II. Defendant's Motion to Dismiss Under *Vargas-Amaya***

Defendant next alleges that the Court must dismiss the supervised release revocation proceedings because neither the original Petition for Warrant nor the Amended Petition for Warrant complies with the Warrant Clause of the Fourth Amendment. (Mot. to Dismiss at 3.) Specifically, Defendant alleges that the original Petition is unsworn and therefore fails to satisfy

1   the requirements set forth by the Ninth Circuit in *United States v. Vargas-Amaya*, 389 F.3d 901

2   (9th Cir. 2004).  (*Id.*)  Defendant alleges that the Amended Petition for warrant does not comply

3   with the Fourth Amendment because the basis for probable cause is absent from the face of the

4   Petition.  (*Id.* at 5.)  The Government concedes that the original Petition was not supported by a

5   sworn statement from the probation officer.  (*See* Opp'n to Mot. to Dismiss at 4.)  However, the

6   Government notes that the Amended Petition was supported by a sworn declaration.  (*See id.*)

7   Further, the Government asserts that the Amended Petition satisfied the probable cause require-

8   ment because it incorporated by reference the allegations set forth in the original Petition.  (*See*

9   *id.* at 6.)  For the reasons set forth below, the Court **FINDS** that the Amended Petition did not

10  contain sworn facts supporting probable cause.  However, because the supervised release term

11  should be tolled if Defendant spent time in state custody or became a fugitive, the Court

12  **ORDERS** supplemental briefing on the issue of whether the period of supervised release was

13  tolled.

14          **A. Whether the Amended Petition for Warrant Was Valid**

15          The Court first examines whether the Amended Petition for Warrant contained sworn

16  facts supporting probable cause.  A district court's jurisdiction to revoke supervised release can

17  be extended beyond the term of supervision if a warrant alleging a violation of a condition of

18  supervised release issues during the term of supervision.  *See* 18 U.S.C. § 3583(i).  Such a

19  warrant must be issued " 'upon probable cause, supported by Oath or affirmation,' as required

20  by the Fourth Amendment."  *Vargas-Amaya*, 389 F.3d at 907 (quoting U.S. Const. amend. IV).

21  Thus, the warrant provided for in 18 U.S.C. § 3583(i) must be based upon sworn allegations that

22  the defendant violated a condition of supervised release.  *See id.* at 906.  Further, the petition for

23  warrant must contain sworn facts supporting probable cause.  *See United States v. Larsen*, 199

24  Fed. Appx. 623, 623 (9th Cir. 2006).  If the petition for warrant does not state the basis for

25  probable cause on its face, documents supporting probable cause must accompany the petition at

26  the time the warrant is issued.  *See id.*

27          In *Larsen*, the defendant contended that this Court lacked jurisdiction to revoke her

28  supervised release because the amended petition for warrant did not contain sworn facts

99CR3567-J

1    establishing probable cause.  *See* 199 Fed. Appx. at 623.  The amended petition for warrant was

2    nearly identical to the Amended Petition at issue in the instant case.  In fact, the amended

3    petition for warrant at issue in *Larsen*, like the Amended Petition at issue in the instant case, was

4    prepared by the United States Probation Office for this District.  *See* Am. Pet., United States v.

5    Larsen, No. 00cr2244 (S.D. Cal. Dec. 28, 2004).  The amended petition stated that it was "based

6    upon the attached documents submitted herewith and incorporated herein by this reference," and

7    that "the information contained in the Grounds for Revocation Section of the Violation Sum-

8    mary attached to the original Petition (as amended) is true and correct."  *Id.*  However, no

9    documents supporting probable cause accompanied the amended petition at the time the warrant

10   was issued.  *See Larsen*, 199 Fed. Appx. at 623.  As a result, the Ninth Circuit concluded that

11   "the amended petition is insufficient to support a finding of probable cause."  *Id.*  Because no

12   valid arrest warrant issued before the end of the defendant's supervised release, the Ninth Circuit

13   held that this Court did not have jurisdiction to revoke supervised release.  *Id.* at 624.

14          Here, the parties do not dispute that the original Petition for Warrant was unsworn and

15   therefore did not satisfy the oath requirement of *Vargas-Amaya*.  The Court thus examines

16   whether the Amended Petition for Warrant contains sworn facts supporting probable cause.  The

17   Amended Petition sets forth no allegations that Defendant violated the conditions of his

18   supervised release, other than to state that probable cause is based on attached documents and

19   that the grounds for revocation contained in the original Petition are true and correct.  However,

20   no documents, including the original Petition, were attached to the Amended Petition at the time

21   the warrant was issued.  There is no controlling Ninth Circuit authority examining whether a

22   sworn petition for warrant can satisfy the probable cause requirement solely by referring to the

23   allegations of an unsworn petition.  The Court thus looks to *Larsen*, an unpublished Ninth

24   Circuit opinion, for guidance.

25          In *Larsen*, the Ninth Circuit examined circumstances nearly identical to those presented

26   in the instant case.  Like the amended petition for warrant in *Larsen*, the Amended Petition for

27   Warrant in the instant case did not state the basis for probable cause on its face.  In both the

28   instant case and in *Larsen*, the amended petitions for warrant stated that probable cause was

1   based on attached documents, yet no documents were attached to the amended petitions. Both

2   petitions stated that the grounds for revocation contained in previous petitions were true and

3   correct, yet no previous petitions were attached to the amended petitions. As the above facts

4   demonstrate, no documents supporting probable cause accompanied the Amended Petition at the

5   time the warrant was issued. Accordingly, this Court **FINDS** that the Amended Petition was

6   insufficient to support a finding of probable cause.

7           **B. Whether the Term of Supervised Release Was Tolled**

8           Ordinarily, the fact that the Amended Petition for Warrant was deficient would deprive

9   this Court of jurisdiction to revoke Defendant's supervised release. However, this Court does

10  not need a warrant to revoke Defendant's supervised release if, at the time of his arrest, the

11  period of supervised release had not yet expired due to tolling. *See* 18 U.S.C. §§ 3583(e)(3) &

12  3606; *United States v. Murguia-Oliveros*, 421 F.3d 951, 952-53 (9th Cir. 2005). A term of

13  supervised release can be tolled if a defendant was in state custody or was a fugitive for having

14  violated the conditions of his supervised release. *See Murguia-Oliveros*, 421 F.3d at 955.

15  "Tolling of a supervised release term extends the date the term is set to expire so long as the

16  defendant remains a fugitive." *United States v. Delamora*, 451 F.3d 977, 979 (9th Cir. 2006). A

17  defendant is deemed to be a fugitive if he "effectively absconded from serving the terms of his

18  supervised release." *See id.* at 980 (finding that defendant became a fugitive when he stopped

19  reporting to his probation officer and absconded from supervision); *see also United States v.*

20  *Crane*, 979 F. 2d 687, 691 (9th Cir. 1992) (finding that defendant was a fugitive because he

21  stopped serving the conditions of his supervised release by leaving the community treatment

22  center where he was ordered to serve his term). The rationale supporting tolling is that "[a]

23  person on supervised release should not receive credit against his period of supervised release

24  for time that, by virtue of his own wrongful act, he was not in fact observing the terms of his

25  supervised release." *Murguia-Oliveros*, 421 F.3d at 954.

26          In *Murguia-Oliveros*, the defendant was convicted of illegal reentry after deportation, and

27  after he was released from custody, he absconded from supervision. 421 F.3d  at 952. Before

28  his supervised release term was set to expire in September 2004, he was arrested on unrelated

1   charges, prompting his probation officer to instruct him to report. *Id.* The defendant never

2   contacted his probation officer, and in January 2004, the district court issued a bench warrant

3   supported by unsworn allegations. *Id.* The defendant was arrested in November 2004, two

4   months after his supervised release term was set to expire. *Id.* at 953. The district court assumed

5   jurisdiction and revoked supervised release. *Id.* The Ninth Circuit affirmed, concluding that the

6   defendant was a fugitive because he "effectively absconded from serving the terms of his

7   supervised release" by reentering the United States and not contacting his probation officer. *Id.*

8   at 954. The Ninth Circuit found that the defendant's supervised release term was tolled for eight

9   months, from issuance of the bench warrant in January 2004 to September 2004, when his term

10  was set to expire. *Id.* at 955. The district court properly assumed jurisdiction because the

11  defendant was arrested in November 2004, "well within the tolling period." *Id.*

12       Here, Defendant's period of supervised release was originally set to expire on October 4,

13  2005. (*See* Pet. for Warrant at 3.) However, this Court would still have jurisdiction to revoke

14  Defendant's supervised release if tolling prevented his supervised release term from expiring.

15  *See Delamora*, 451 F.3d at 979. The supervised release term would have been tolled if Defen-

16  dant was in state custody or was a fugitive for having violated the conditions of his supervised

17  release. *See Murguia-Oliveros*, 421 F.3d at 955. The original Petition for Warrant alleges that a

18  state court criminal complaint was filed against Defendant for committing terrorist threats and

19  committing street terrorism, yet the parties do not state whether Defendant was ever in state

20  custody for these alleged offenses. Nor do the parties indicate whether Defendant became a

21  fugitive by "effectively abscond[ing] from serving the terms of his supervised release." *See*

22  *Delamora*, 451 F.3d at 980. Because the parties have not briefed the issue of whether the term

23  of Defendant's supervised release was tolled, the Court **ORDERS** supplemental briefing on this

24  issue.

25  **III. Defendant's Constitutional Challenge to the Supervised Release Regime**

26       Defendant next argues that the supervised release regime set forth in 18 U.S.C. § 3583(e)

27  violates *United States v. Booker*, 543 U.S. 220 (2005), *Blakely v. Washington*, 542 U.S. 296

28  (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). (*See* Def.'s Mot. to Dismiss at 9.)

99CR3567-J

1  Specifically, Defendant argues that revocation of supervised release is unconstitutional because

2  it allows for an additional term of imprisonment based on facts not found by a jury. (*See id.* at

3  10)  This argument is foreclosed by the Ninth Circuit's holding in *United States v. Huerta-*

4  *Pimental*:

> 5   We conclude § 3583 supervised release is constitutional under *Apprendi*, *Blakely*, and
>     *Booker*.  Because supervised release is imposed as part of the sentence authorized by
> 6   the fact of conviction and requires no judicial fact-finding, it does not violate the
>     Sixth Amendment principles recognized by *Apprendi* and *Blakely*.  For the same
> 7   reasons, a district court's decision to revoke supervised release and impose associated
>     penalties is also constitutional.  Additionally, because the revocation of supervised
> 8   release and imposition of an additional term of imprisonment is discretionary, neither
>     violates *Booker*.

9  445 F.3d 1220, 1221 (9th Cir. 2006).  Accordingly, the Court **FINDS** that Ninth Circuit

10  precedent bars Defendant's claim that §3583 is unconstitutional.

11                                    ***Conclusion***

12         For the reasons stated above, the Court (1) **ORDERS** supplemental briefing on the issue

13  of whether Defendant received actual notice of the conditions of his supervised release; and (2)

14  **ORDERS** supplemental briefing on the issue of whether the term of Defendant's supervised

15  release was tolled.  The parties shall file and serve their supplemental briefs no later than ***May***

16  ***14, 2007.***

17         **IT IS SO ORDERED.**

18  DATED:  April 30, 2007

19

20  _____
    HON. NAPOLEON A. JONES, JR.
    United States District Judge

21

22

23

24

25

26

27

28

8