# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Crim. No. 99CR3567-J |
| Plaintiff, ) | |
| v. ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| GERARDO MARTINEZ-MARTINEZ, ) | |
| Defendant. ) | |

Before the Court is Defendant Gerardo Martinez-Martinez's ("Defendant") Motion to Dismiss Supervised Release Revocation Proceedings. [Doc. No. 98.] Plaintiff United States of America ("the Government") has filed an Opposition. [Doc. No. 99.] For the reasons stated below, the Court **DENIES** Defendant's Motion to Dismiss Supervised Release Revocation Proceedings.

### *Background*

On October 4, 2003, Defendant began serving a two-year term of supervised release. (*See* Pet. for Warrant at 1.) Defendant's term of supervised release was set to expire on October 4, 2005. (*Id.* at 3.) On September 20, 2004, United States Probation Officer Mark C. Riedling filed a Petition for Warrant alleging that Defendant had violated conditions of his supervised

release.  (*Id.* at 2.)  The Petition for Warrant was unsworn.  (*See id.* at 3.)  The Petition for Warrant set forth the following allegations of noncompliance:

> 1.  On July 16, 2004, Mr. Martinez committed terrorist threats, in violation of California Penal Code Section 422, as evidenced by the complaint filed in the Superior Court of California, Los Angeles County, Case Number 04CF2177.
>
> 2. On July 16, 2004, Mr. Martinez committed street terrorism, in violation of California Penal Code Section 186.22(a), as evidenced by the complaint filed in the Superior Court of California, Los Angeles County, Case Number 04CF2177.
>
> 3. On July 16, 2004, Mr. Martinez was unsuccessfully terminated from the Salvation Army Residential Treatment Program in the Central District of California.
>
> 4. On February 20, 2004, Mr. Martinez submitted a urine sample at Detection Treatment Resources in the Central District of California which tested positive for amphetamine and methamphetamine.

(*Id.* at 2.)

On March 29, 2005, Mr. Riedling filed an Amended Petition for Warrant. [Doc. No. 86.] Unlike the original Petition for Warrant, the Amended Petition was sworn. (*See* Am. Pet. for Warrant.)  The Amended Petition did not state the basis for probable cause on its face, but rather stated that probable cause was based on attached documents. However, the record did not show that any documents establishing probable cause accompanied the amended petition at the time the warrant was issued.  This Court thus concluded that the amended petition was insufficient to support a finding of probable cause. [*See* Doc. No. 101.]  The Court ordered supplemental briefing on the issues of whether Defendant received adequate notice of the conditions of supervised release and whether Defendant's term of supervised release was tolled.  [*See id.*] Defendant and the Government filed supplemental briefs on these issues. [Doc. Nos. 102, 104.]

## *Discussion*

In his Motion to Dismiss, Defendant argues that he did not receive adequate notice of all of the conditions of his supervised release, and that no valid warrant for his arrest issued during the term of his supervised release. (Mot. to Dismiss at 2.)  After being ordered by the Court to provide additional briefing on the issues of whether Defendant received actual notice of the conditions of supervised release and whether Defendant's supervised release term was tolled, Defendant filed a Supplemental Brief conceding that he received actual notice of the conditions

underlying Allegations 3 and 4 of the Petition for Warrant. (Def.'s Supp. Mem. at 2.) However, Defendant maintains that he did not receive written or oral notice of the condition that he not violate any federal, state, or local laws. (*Id.*) Defendant does not address whether his supervised release term was tolled. The Government argues that Defendant had imputed knowledge of the condition that he not commit another crime. (Pl.'s Supp. Mem. at 2-3.) The Government also asserts that Defendant's term of supervised release was tolled during the time in which Defendant was imprisoned in connection with a conviction for a state crime. (*Id.* at 6.)

**I. Whether Defendant Received Sufficient Notice of the Condition that He Not Violate State Law**

Defendant alleges that the Court must dismiss Allegations 1 and 2 of the supervised release revocation proceedings because he received neither written nor actual notice of the condition that he not violate any federal, state, or local laws. (Def.'s Supp. Mem. at 2.) However, the Ninth Circuit has repeatedly stated that courts may impute notice and knowledge of conditions of supervision when violation of such conditions entails a criminal act. *See United States v. Ortuno-Higareda*, 450 F.3d 406, 411 (9th Cir. 2006), *vacated as moot*, 479 F.3d 1153 (9th Cir. 2007); *United States v. Laughlin*, 933 F.2d 786, 790 (9th Cir. 1991); *United States v. Simmons*, 812 F.2d 561, 565 (9th Cir. 1987); *United States v. Dane*, 570 F.2d 840 (9th Cir. 1977). Defendant is thus presumed to have had notice that his conduct in committing street terrorism and terrorist threats violated the conditions of supervised release. Because the Court imputes to Defendant an understanding that violation of the law will lead to revocation of supervised release, the Court **FINDS** that Defendant received adequate notice of the condition that he not violate any federal, state, or local laws.

**II. Whether Defendant's Term of Supervised Release Was Tolled**

In his Motion to Dismiss, Defendant argues that the Court does not have jurisdiction to revoke supervised release because no valid warrant for Defendant's arrest has issued. (Mot. to Dismiss at 3.) However, this Court does not need a warrant to revoke Defendant's supervised release if, at the time of his arrest, the period of supervised release had not yet expired due to tolling. *See* 18 U.S.C. §§ 3583(e)(3) & 3606; *United States v. Murguia-Oliveros*, 421 F.3d 951,

952-53 (9th Cir. 2005). A term of supervised release is tolled during any period in which a defendant "is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days." 18 U.S.C. 3624(e); *see also United States v. Crane*, 979 F.2d 687, 691 (9th Cir. 1992) (stating that the plain language of 18 U.S.C. 3624(e) excludes from the running of a term of supervised release the period a defendant spends in state custody).

Defendant's term of supervised release began on October 4, 2003, and was set to expire on October 4, 2005. (*See* Pet. for Warrant at 3.) However, pursuant to 18 U.S.C. 3624(e), Defendant's term of supervised release was tolled during any period in which he was imprisoned in connection with a conviction for a state crime. On March 15, 2005, Defendant pled guilty in Orange County Superior Court to violations of California Penal Code § 186.22(a) (participation in criminal street gang) and California Penal Code § 422 (criminal threats). (*See* Pl.'s Supp. Mem. Ex. 3A at 12.) Defendant was imprisoned for these offenses from March 15, 2005, to March 12, 2007. (*See* Pl.'s Supp. Mem. Ex. 3A at 9, Ex. 4A at 1.) Defendant had served approximately 17 months of his two-year term of supervised release at the time he entered state custody. Under 18 U.S.C. 3624(e), the remaining seven months of his term of supervised release were tolled because he was in state custody during those final seven months. Defendant therefore had approximately seven months remaining in his term of supervised release once he was released from state custody on March 12, 2007. Defendant was arrested on March 14, 2007, well within the seven-month tolling period. [*See* Doc. No. 90.] Because Defendant's term of supervised release had not yet expired when he was arrested, the Court may properly assume jurisdiction to revoke supervised release. The Court therefore **DENIES** Defendant's Motion to Dismiss Supervised Release Revocation Proceedings.

//
//
//
//
//

*Conclusion*

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss Supervised Release Revocation Proceedings.

**IT IS SO ORDERED**.

DATED: May 18, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All counsel of record